**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LENNIS A. GEORGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1968** |
| **JASON KENT** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court is the *pro se* petition of Lennis A. George ("Petitioner") for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rec. Doc. 3 at 1. The Magistrate Judge issued a Report and Recommendation ("Report"), advising dismissal of Petitioner's writ of habeas relief with prejudice. Rec. Doc. 30 at 1. On September 8, 2017, Petitioner timely filed objections, requesting the Court reject the Magistrate Judge's Report and Recommendation. Rec. Doc. 33 at 1.

For the reasons enumerated below, **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED;** Petitioner's objections are **OVERRULED;** and the instant habeas corpus petition is **DISMISSED WITH PREJUDICE.**

**FACTS AND PROCEDURAL HISTORY**

This request for habeas relief arises out of Petitioner's incarceration at the Dixon Correctional Institute ("Dixon") in Jackson, Louisiana. His conviction and sentence are based on the following: Lennis A. George saw the victim driving her vehicle on the highway and requested her to pull her vehicle over for them to speak. Rec. Doc. 30 at 8. The victim refused and Petitioner then

1

began to ram her vehicle off the road. *Id.* The victim pulled her vehicle over and got out. *Id.* Petitioner approached her, stabbing her repeatedly with a small knife. *Id.* After bystanders attempted to stop Petitioner from attacking the victim, Petitioner fled the scene. *Id.*

On July 21, 2010, a state district court jury convicted Petitioner of attempted manslaughter under Louisiana law. Rec. Doc. 3 at 1 (referring to La. Rev. Stat. Title 14 §§ 27 and 31). On August 27, 2010, the court sentenced Petitioner as a fourth offender to serve a term of thirty-five years of imprisonment. Rec. Doc. 3 at 1. The Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction and then, on February 17, 2012, the Louisiana Supreme Court denied his related writ of review. Rec. Doc. 3 at 2. On July 3, 2013, Petitioner filed a supplemental memorandum to the state district court in support of his post-conviction application, in which the state district court denied. State Rec., Vol. 7 of 7; Rec. Doc. 3 at 6. The Louisiana Fourth Circuit Court of Appeal denied Petitioner's related writ applications for review of the state district court's denial of his post-conviction relief (State v. George, No. 2015-K-0213 (La. App. 4th Cir. Mar. 16, 2015); State Rec., Vol. 7 of 7); and the Louisiana Supreme Court did likewise on January 25, 2016. State Rec., Vol. 7 of 7.

On March 4, 2016, Petitioner filed the instant federal habeas corpus petition under 28 U.S.C. § 2254. Rec. Doc. 3. The state filed a response, arguing that the court should deny Petitioner's habeas application because Petitioner failed to submit his state district court application for post-conviction relief before the May 17, 2013, deadline for filing such claim. Rec. Doc. 15 at 7. Petitioner responded by amending his habeas application to include documentation that he mailed his habeas application to the state district court, supporting his contention he timely filed his habeas application to the state district court. Rec. Doc. 16. In turn, the state filed two responses, one addressing Petitioner's alleged supporting documents (Rec. Doc. 20) and another discussing the merits of Petitioner's underlying habeas claims (Rec. Doc. 27).

**LAW AND ANALYSIS**

The Magistrate Judge found that Petitioner timely filed his post-conviction application to the state district court, despite the court not receiving it, because Petitioner timely mailed his application. Rec. Doc. 30 at 4. The Magistrate Judge then noted that Petitioner diligently pursued his application by seeking post-conviction relief at both the state and federal level. *Id.* at 7. The record and law support finding the one-year period of limitation for filing a federal application for habeas corpus had tolled and Petitioner's application was filed timely. *Id.*

When analyzing Petitioner's substantive claims, the Magistrate Judge separated Petitioner's claims based on whether the state courts heard the claims on direct or collateral review. Rec. Doc. 30 at 9. Direct review claims are Petitioner's claims denied on their merits by the state court on direct appeal; those claims are as follows:

> **1.** Intention to Kill (Rec. Doc. 3-2 at 15.)
> **2.** "Other Crimes" Evidence (*Id.* at 16.)
> **3.** Mistrial (*Id.* at 18.)
> **4.** 24-Hour Delay (*Id.* at 18.)

Collateral review claims are claims asserted for post-conviction relief; those claims are as follows:

> **1.**  Sequestration Motion (Rec. Doc. 3-2 at 10.)
> **2.**  Ineffective Assistance of Trial Counsel (*Id.* at 10.)
> **3.**  Double Jeopardy (*Id.* at 12.)
> **4.**  Perjury (*Id.* at 12.)
> **5.**  Bill of Information (*Id.* at 14.)
> **6.**  Inadmissible Evidence (*Id.*)
> **7.**  Intention to Kill (*Id.* at 15.)
> **8.**  "Other Crimes" Evidence (*Id.* at 16.)
> **9.**  False Transcript (*Id.*)
> **10.** Mistrial (*Id.* at 18.)
> **11.** 24-Hour Delay (*Id.*)
> **12.** Illegal Multiple Bill of Information (*Id.*)
> **13.** Motion to Suppress (*Id.* at 20.)
> **14.** Fabricating (*Id.*)
> **15.** Equal Protection Clause (*Id.*)
> **16.** Without Holding [sic] Evidence (*Id.*)

The state courts denied many of Petitioner's direct review claims on their merits. Rec. Doc. 30 at 12. The Magistrate Judge correctly reviewed Petitioner's claims under the deferential

4

standard set out in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Rec. Doc. 30 at 22. Under this standard of review, the Magistrate Judge found that all of Petitioner's claims that were rejected by the state court on the merits are insufficient to entitle Petitioner to habeas relief. Rec. Doc. 30 at 25.

Federal Courts review objections to portions of a Magistrate Judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). Claims filed pursuant to 28 U.S.C. § 2254 are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Boyer v. Vannoy*, 863 F.3d 428, 440 (5th Cir. 2017); *see also Woodford v. Garceau*, 538 U.S. 202, 205 (2003). Under AEDPA, a federal court may not grant habeas relief unless the state court's adjunction: (1) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding;" or (2) resolved a question of law "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." *Vannoy*, 863 F.3d at 441; 28 U.S.C. § 2254(d).

Petitioner's insufficiency of the evidence claim borders on frivolity when compared to the trial record. The fact that Petitioner "repeatedly stabb[ed]" the victim after forcibly ramming her car off road was sufficient evidence to prove beyond a reasonable doubt that Petitioner specifically intended to kill her. The Magistrate Judge correctly concluded that the state's

5

witnesses established all the requisite elements of attempted manslaughter. *Id.* at 27. Furthermore, any claim that the state's witnesses lied is beyond the relief a federal habeas court can render because the court reviews issues of constitutional law and does not review issues of state evidence law. *See generally Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001).

Similarly, Petitioner's "other crimes" evidence claim does not merit review under state evidence law. Rec. Doc. 30 at 28-29. Moreover, the overwhelming evidence of guilt here negates any possibility that the guilty verdict was significantly influenced by or resulted from "other crimes" evidence. *See Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998).*

Further, the state court's denial of a mistrial did not violate any of Petitioner's federal constitutional rights. Rec. Doc. 30 at 31. Petitioner did not get an unfair trial because of an improper comment by a witness about evidence of another crime. The record shows that the comment was a fleeting remark by a witness, never used or highlighted, and had no impact on the conviction given the overwhelming evidence of guilt. *See Lucas v. Johnson*, 132 F.3d 1069, 1079 (5th Cir. 1998).

The Magistrate Judge addressed Petitioner's 24-hour delay/ immediate sentencing claim, correctly finding that the claim did not concern a federal constitutional violation. See Rec. Doc. 30

at 31. That claim is again based on state law and not cognizable on federal habeas review. *See Engle v. Isaac*, 456 U.S. 107, 119 (1983); *Farinas v. La. Dept. of Corr.*, No. 14-1272, 2015 WL 430121, at *9-10 (E.D. La. Feb. 2, 2015).

Further, Petitioner does not satisfy his burden of proof with regards to rambling and vague claims of ineffective assistance of counsel. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). For example, Petitioner did not show the benefit of an additional investigation that counsel should have allegedly performed. *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). Petitioner also failed to show he sustained prejudice from counsel's failure to pursue appellate review of a motion for mistrial. The claims of ineffective counsel for appellate and supervisory review did not warrant habeas relief. *See* Rec. Doc. 30 at 37; *Bolton v. Cain*, No. 13-4572, 2014 WL 432943, at *20 (E. D. La. Feb. 4, 2014.

Petitioner did not factually support, nor specifically reference the federal constitutional right asserted in, his remaining claims that were rejected by the state courts.[1] For instance, Petitioner contends the transcripts are false but does not explain how or why they are incorrect or give rise to a federal constitutional violation. *See* 28 U.S.C. § 2254. AEDPA requires

---

[1] Sequestration Motion claim; Double Jeopardy claim; Perjury claim; Bill of Information; Illegal Multiple Bill of Information; False Transcript; Fabricating; Motion to Suppress; Equal Protection Clause; and Without Holding [sic] Evidence.

deference to the state courts' rejection of those claims on the merits.

Lastly, the Magistrate Judge examined the remaining claims, which were not fully asserted in state court. The Magistrate Judge correctly found those claims to be unexhausted and hence procedurally barred habeas claims. Rec. Doc. 30 at 40-41. For instance, Petitioner did not exhaust an independent claim of ineffective counsel using state collateral review for his appellate counselor. *Id.* at 43. Neither a claim for ineffective assistance of appellate counsel nor the absence of post-conviction counsel are grounds to hinder Petitioner's unexhausted claims from being procedurally barred. Petitioner has not shown a miscarriage of justice from procedurally barring his unexhausted claims because overwhelming evidence of his guilt was presented at trial and Petitioner submitted no new evidence sufficient to establish his innocence. *Id.*

New Orleans, Louisiana this 4th day of December 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE